IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL G. SCHOTT, a.k.a.
HO-TAH-MOIE (ROARING THUNDER),**

        **Plaintiff,**

v.                                                  **CIV. No. 97-1626 JP**

**CHRISTINE CLAYTON,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The subject of this Order is Plaintiff's Complaint for Civil Rights Deprivation [Doc. No. 1], filed December 22, 1997. I have determined, sua sponte, that the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

In determining whether to dismiss for a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), I must liberally construe the pleadings, accept as true all factual allegations in plaintiff's complaint and draw all reasonable inferences in the plaintiff's favor. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). In determining whether the complaint states a claim, this Court is not limited to the legal theories argued by Plaintiff, but must examine the complaint to determine whether the allegations provide for relief under any theory. See Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1375, fn. 5 (10th Cir. 1980). A complaint may be dismissed if it appears with certainty that a plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46

(1957).

Plaintiff alleges that his civil rights were violated when the defendant refused to allow him to attend a Christmas dinner party to which the plaintiff's father had been invited. Plaintiff further contends that the defendant denied him access to the party based on his race and religion.

Federal civil rights statutes prohibit discrimination based on race and religion by private actors in a variety of contexts. For example, it is illegal for an employer to discriminate against his employees in the workplace, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or for a landlord to refuse to sell or rent housing to a prospective buyer or tenant because of his race. Fair Housing Act, 42 U.S.C. § 3601 et seq. However, federal civil rights legislation cannot and does not regulate all interactions among private parties. While the alleged conduct of the defendant, if true, is shameful and misguided, it is not illegal under federal law. The plaintiff fails to state a federal claim upon which relief can be granted. Without a federal claim, this court cannot exercise supplemental jurisdiction over the plaintiff's state law claim. The plaintiff's complaint should be dismissed without prejudice.

Therefore, it is ORDERED that the plaintiff's Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE